M. SMITH, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s denial of the petition for review. Because Mengesha pleaded guilty to the amended charge in the plea agreement, which did not specify a drug, the BIA *499 erred in finding that his 1998 conviction was a violation of a law relating to a controlled substance.
Our case law emphasizes that “[t]he government must prove by clear, unequivocal, and convincing evidence that the facts alleged as grounds of [removability] are true,” including the drug underlying the state conviction. Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1076 (9th Cir.2007) (internal quotation omitted). “[S]peculat[ing] as to the nature of the substance,” is “not enough” for the government to meet “its burden of proving that the conduct of which the defendant was convicted constitutes a predicate offense.Id. at 1079.
Generally, “where ... the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count.” Cabantac v. Holder, 736 F.3d 787, 793-94 (9th Cir.2013) (per curiam). However, we must “consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime.” United States v. Valdavinos-Torres, 704 F.3d 679, 687 (9th Cir.2012) (quoting Ruiz-Vidal, 473 F.3d at 1078).
The modified categorical approach specifically focuses on the facts to which the defendant actually pleaded. See Valdavinos-Torres, 704 F.3d at 687. Indeed, we have emphasized that “[b]y itself, the [i]n-formation contain[s] the elements of thé crime the government set [s ] out to prove; it [does] not establish the elements to which [a defendant] actually admit[s] in his guilty plea.” United States v. Velasco-Medina, 305 F.3d 839, 852 (9th Cir.2002).
Here, Mengesha did not plead guilty to the original charge in the information; rather, he pleaded guilty to the amended charge in the plea agreement. The plea agreement amended the charging document, replacing the reference to possession of cocaine with possession of narcotic ■drugs. The plea agreement provides: “Plea: The Defendant agrees to plead GUILTY to: COUNT 1: Possession of narcotic drugs, a class 4 felony....,” without any reference to cocaine. The plea agreement also states: “This agreement serves to amend the complaint or information, to charge the ojfense to which the Defendant pleads, without the filing of any additional pleading.” (Emphasis added.) And the judgment reflects the language of count 1 from the plea agreement — it states that Mengesha is guilty of “the crime of: OFFENSE: Count I: Possession of Narcotic Drugs,” and does not specify cocaine. Accordingly, we may not refer back to the information for the fact that the underlying substance was cocaine, because the information was amended by the plea agreement.
Therefore, the government cannot unequivocally “connect the references” to cocaine in the information with Mengesha’s conviction, because the plea agreement amended the information. Ruiz-Vidal, 473 F.3d at 1079. Here, as in Ruiz-Vidal, the record contains no documents that reveal the facts underlying the plea (i.e., the specific drug to which Mengesha pleaded), because the plea agreement amended the information and removed any reference to cocaine. See id. The record thus unequivocally shows only that Mengesha pleaded guilty to possession of narcotic drugs.
Accordingly, the government has not proven by clear, unequivocal, and convincing evidence that Mengesha pleaded guilty to possession of cocaine. The BIA thus erred in finding that Mengesha’s 1998 conviction was a violation of a law relating to a *500 controlled substance, and that he was removable.
I respectfully dissent.